# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS M. MATA SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-247-D |
| | ) |
| JOHN DOE et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Carlos M. Mata Sr., a state prisoner appearing pro se, has filed a civil rights action in this Court pursuant to 42 U.S.C. § 1983. *See* Compl. (Doc. No. 1). Plaintiff also filed an Application for Leave to Proceed *In Forma Pauperis* and supporting affidavit (Doc. No. 2). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b).

The "three strikes" provision of the Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the absence of imminent danger, this statutory provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal quotation marks omitted).

Review of the federal courts' PACER system reflects that an individual with the same name as Plaintiff has had at least three federal civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted and thus has accrued at least three "strikes" under § 1915(g). *See, e.g.*, *Mata v. Dickey*, No. 5:02-cv-176-C (N.D. Tex. Sept. 12, 2002) (judgment); *Mata v. Sanchez*, No. 5:02-cv-177-C (N.D. Tex. Sept. 12, 2002) (judgment); *Mata v. Nichols*, No. 6:07-cv-374-WSS (W.D. Tex. Feb. 15, 2008) (judgment). In the most recent of these actions, in the Western District of Texas, the plaintiff "Carlos Mata" identifies himself as the same "Carlos M. Mata Sr." who had filed suit in Case No. 5:02-cv-176-C in the Northern District of Texas. *See Nichols*, No. 6:07-cv-374-WSS (W.D. Tex.) (Doc. No. 1 at 2). Plaintiff did not, in his Complaint or his Application for Leave to Proceed *In Forma Pauperis*, assert the application of the imminent-danger exception to the three-strikes statute or allege facts implicating that exception. *See* Doc. Nos. 1, 2.

Upon review of these facts, the undersigned directed Plaintiff to show cause through a written submission to the Court, no later than April 10, 2015, why his Application for Leave to Proceed *In Forma Pauperis* should not be denied based upon Plaintiff having previously accrued three strikes in federal court under 28 U.S.C. § 1915(g). *See* Order to Show Cause (Doc. No. 7 (Mar. 20, 2015)). Plaintiff was advised that failure to comply with this Order may result in the dismissal of this action. *See* Order to Show Cause at 2. As of this date, Plaintiff has not tendered any written submission, paid any portion of the required $400 filing fee, or otherwise made contact with the Court.

ANALYSIS

Because the dismissals of Plaintiff's prior § 1983 lawsuits occurred outside of the Tenth Circuit, the undersigned herein reviews these dismissals to ensure that they qualify as § 1915(g) strikes under Tenth Circuit law. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 & n.3 (10th Cir. 2011). In the Tenth Circuit, a dismissal of a civil action counts as a strike for the purposes of 28 U.S.C. § 1915(g) when the action is dismissed as "frivolous, malicious, or for failure to state a claim," including under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A. *See Hafed*, 635 F.3d at 1175; *Childs*, 713 F.3d at 1266; *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012).

1. Strike One

In *Mata v. Dickey*, Plaintiff filed a civil rights complaint against a city police officer and alleged that he was a Texas state prisoner. *See Dickey*, No. 5:02-cv-176-C (N.D. Tex. filed July 29, 2002). On September 12, 2002, the United States District Court for the Northern District of Texas issued an order and judgment dismissing Plaintiff's lawsuit "with prejudice as frivolous" under 28 U.S.C. § 1915. *See Dickey*, No. 5:02-cv-176-C (Doc. Nos. 8, 9). The docket for *Dickey* reflects that Plaintiff did not file a direct appeal. "[I]f the prisoner did not file a direct appeal in a circuit court, a district court's dismissal counts as a strike from the date when his time to file a direct appeal expired." *Hafed*, 635 F.3d at 1177. Thus, the district court's dismissal on screening as frivolous counted as a strike on October 14, 2002, when Plaintiff's time to file a direct appeal expired. *See* 28 U.S.C. § 1915(g); Fed. R. App. P. 4(a)(1)(A), 26(a)(1); *Hafed*, 635 F.3d at 1176-77.

2. <u>Strike Two</u>

In *Mata v. Sanchez*, Plaintiff filed a § 1983 lawsuit against a different city police officer, again alleging that he was a Texas state prisoner. *See Sanchez*, No. 5:02-cv-177-C (N.D. Tex. filed July 29, 2002). On September 12, 2002, the United States District Court for the Northern District of Texas issued an order and judgment dismissing Plaintiff's lawsuit "with prejudice as frivolous" under 28 U.S.C. § 1915. *See Sanchez*, No. 5:02-cv-177-C (Doc. Nos. 8, 9). The docket for *Sanchez* reflects that Plaintiff did not file a direct appeal. The district court's dismissal on screening as frivolous therefore counted as a strike on October 14, 2002, when Plaintiff's time to file a direct appeal expired. *See* 28 U.S.C. § 1915(g); Fed. R. App. P. 4(a)(1)(A), 26(a)(1); *Hafed*, 635 F.3d at 1176-77.

3. <u>Strike Three</u>

In *Mata v. Nichols*, Plaintiff alleged that he was a Texas state prisoner and sued three prison officials under § 1983. *See Mata v. Nichols*, No. 6:07-cv-374-WSS (W.D. Tex. filed Nov. 21, 2007). On February 15, 2008, the United States District Court for the Western District of Texas dismissed Plaintiff's lawsuit on screening for failure to state a claim. *See Nichols*, No. 6:07-cv-374-WSS (Doc. No. 5) (report and recommendation recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), (Doc. No. 11) (order adopting report and recommendation), (Doc. No. 12) (judgment). The docket for *Nichols* reflects that Plaintiff did not file a direct appeal. Accordingly, the district court's dismissal on screening for failure to state a claim counted as a strike on March 17, 2008,

4

when Plaintiff's time to file a direct appeal expired. *See* 28 U.S.C. § 1915(g); Fed. R. App. P. 4(a)(1)(A), 26(a)(1); *Hafed*, 635 F.3d at 1176-77.

4. Application of 28 U.S.C. § 1915(g)

Because Plaintiff had acquired three strikes pursuant to § 1915(g) and Tenth Circuit authority prior to filing this lawsuit on March 10, 2015, Plaintiff is not entitled to proceed *in forma pauperis* absent a showing that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's filings in this Court do not allege or even suggest that the imminent-danger exception of § 1915(g) applies. *See* Doc. Nos. 1, 2. Because the publicly available records from other federal district courts clearly demonstrate that the provisions of 28 U.S.C. § 1915(g) bar Plaintiff from proceeding *in forma pauperis*, Plaintiff's request to do so should be denied.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the District Judge:

(1) deny the Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2);

(2) order Plaintiff to pay the full $400 filing fee within 21 days of any order adopting this Report and Recommendation, *see* 28 U.S.C. § 1915(g); LCvR3.2, 3.3(e); and

(3) dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 8, 2015, in accordance with 28

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 17th day of April, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE